UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOEL D. DEMPSEY,

                Plaintiff,

v.                                           Case No. 21-cv-409-pp

KAREN PARENTEAU,
DODGE CORRECTIONAL INSTITUTION,
LISA VELEZ-BUTLER 15523,
and MILWAUKEE SECURE DETENTION FACILITY,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 10), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

      Joel D. Dempsey, a person incarcerated at Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to a speedy trial. On April 26, 2021, before the court had an opportunity to screen the complaint, the plaintiff asked for leave to file an amended complaint. Dkt. No. 10. He attached a proposed amended complaint to his motion. Dkt. No. 10-1.

      Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The court has not yet ordered service of the complaint on any of the defendants, so the plaintiff's request to amend falls within this timeframe. The

court will grant the plaintiff's motion. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the amended complaint, dkt. no. 10-1.

I.  **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was an incarcerated person when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the incarcerated person must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 16, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $13.20. Dkt. No. 8. The court received that fee on May 4, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

II. **Screening the Amended Complaint**

A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The amended complaint alleges that on October 1, 2020, the plaintiff "filed a prompt disposition"[1] while he was an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 10-1 at 2. He says defendant Lisa Velez-Butler 15523[2] witnessed this. Id. The plaintiff asserts that he was at MSDF only "for quarantine purposes" and that he was transferred to Dodge Correctional Institution four days later. Id. He says that "his file was expected to be processed" at Dodge. Id. The plaintiff asserts that on September 29, 2020, he was "served a detainer" by the Milwaukee County Sheriff's Office, by someone named Courtney Buggs (who is not a defendant). Id. The plaintiff says that because he was incarcerated at Dodge, his file was sent to Dodge, and he asserts that it was Dodge's job to "file & process [his] documents to the court & prosecutor." Id.

The plaintiff says he waited "his" 120 days, which he asserts is the "speedy-trials statute of limitation pursuant to Wis. Stat. 971.20(2)." Id. The

---

[1] Wis. Stat. §971.10 is Wisconsin's Speedy Trial statute. Section 971.10(2)(a) says that "[t]he trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party. The demand may not be made until after the filing of the information or indictment." The court understands the plaintiff's references to a "prompt disposition" to be a reference to a written demand for a speedy trial.

[2] Presumably Velez-Butler is a corrections officer and 15523 her badge number or other identification number.

4

plaintiff says that he found out at his motion hearing on February 11, 2021 that his "prompt disposition was never sent to the court or prosecutor." Id. at 2-3. His says that eleven days later, he was told by Milwaukee County Judge Kies "to re-file [his] prompt disposition. Dis-regarding [his] original signed & witnessed by Lisa Velez-Butler 15523, on 10-1-2020." Id. at 3.

The plaintiff says that on February 16, 2021, defendant Karen Parenteau sent a new prompt disposition to the court but "ignored [his] concerns & questions regarding [his] original document." Id. He also says the prompt disposition Parenteau filed "is an invalid contract for [the plaintiff] never signed that prompt decision nor was it witnessed." Id. The plaintiff says that when he tried to "get answered" from Parenteau (whom he describes as a records office supervisor), he was forced to reach out to warden Jason Benzel (not a defendant) because Parenteau ignored his request. Id. The plaintiff says that "finally," Parenteau responded, "admitting the file was sent on 10-5-2020." Id. The plaintiff says, however, that later Parenteau told him "to not write her about the issue any further." Id.

The plaintiff asserts that his file "was ignored" for four and a half months, and as a result his "case is unfair, [his] due process was violated by both Facilities & staff, as well as [his] right to a speedy trial." Id. He alleges that MSDF and Dodge "work for [Department of Corrections] who both work under [Department of Justice]." Id. He says that "both facilities were negligent & neither wants to be liable." Id.

5

For relief, the plaintiff requests "that this error hopefully never happens again & for employees for all Institutions to com[m]unicate better to avoid these type of errors, for government employees to be more careful & professional with other prisoner's cases." Id. at 4. He also seeks $3.5 million in compensatory damages—"[a] million for each U.S.C.A. violation & if the courts find this as cruel & unusual then this claim increases to 5.5 million." Id. He says the court "may also add neglect, false imprisonment, punitive damages if they find good cause, & defendants are to pay all cost & fees." Id.

C.    Analysis

Because the plaintiff mentioned "Judge Kies," and the court is aware that there is a Milwaukee County Circuit Court judge named Jean Kies, the court assumes that the plaintiff is discussing an issue that arose in a case against him in Milwaukee County Circuit Court.

A search of that court's public web site confirms that at the time the plaintiff filed his amended complaint in federal court, he had a pending case in Milwaukee County Circuit Court, and the presiding judge was Judge Jean Marie Kies. See https://wcca.wicourts.gov/ (Milwaukee County Case Number 2020CF000955). The docket shows that as of October 1, 2020—the date on which the plaintiff says he filed his first "prompt disposition—the plaintiff's counsel had withdrawn and he was not represented. Id. (docket entry of Sep. 16, 2020). Over the next two weeks, the plaintiff appears to have filed—on his own—a motion for an evidentiary hearing (docket entry of Oct. 14, 2020) and some kind of correspondence (docket entry of Oct. 21, 2020). A lawyer was

6

appointed by the public defender on October 26, 2020. Id. (docket entry of Oct. 26, 2020).

On January 14, 2021, however, the counsel that had been appointed moved to withdraw. Id. (docket entry of Jan. 14, 2021). Days later, the plaintiff—acting on his own—filed a motion to dismiss. Id. (docket entry of Jan. 27, 2021). On February 11, 2021, the court allowed counsel to withdraw. Id. (docket entries of Feb. 11, Feb. 12, 2021). The docket shows that on February 18, 2021, the court received and filed a "Request for Prompt Disposition." Id. (docket entry of Feb. 18, 2021). At a March 3, 2021 status conference, the state court "acknowledge[d] receipt of the defendant's prompt disposition request" and found good cause to extend a finding on the request because the court had not yet appointed counsel to represent the plaintiff. Id. (docket entry of Mar. 3, 2021). At a March 18, 2021 status conference, the court addressed the plaintiff's request for a prompt decision, ordered newly appointed defense counsel to send all discovery to the plaintiff for review and acknowledged the plaintiff's request for a speedy trial. Id. (docket entry of Mar. 18, 2021). Although the case was scheduled for a June 7, 2021 trial, the plaintiff entered a guilty plea on May 7, 2021. Id. (docket entry of May 7, 2021). Following the plaintiff's plea, the court entered judgment and closed the case. Id.

The plaintiff alleges that staff at either MSDF or Dodge failed to send to the court his first request for a prompt decision, which resulted in a delay in his request for a speedy trial. He appears to argue that prison staff unlawfully extended his confinement beyond the statutory limit for a speedy trial by not

7

filing his request with the state court. If it is true that the plaintiff made a written request for a speedy trial that institution staff refused or failed to file with the court, his confinement may be illegal. But the plaintiff cannot challenge the legality of his detention or confinement in a civil rights lawsuit under §1983. To make that challenge, he must file a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983."); see also Wright v. Milwaukee Cty. Cir. Ct., No. 19-cv-352-pp, 2020 WL 6363713, at *3 (E.D. Wis. Oct. 29, 2020) (citing Heck, 512 U.S. at 486–87, and Preiser, 411 U.S. at 490) (explaining that former prisoner who claimed he was not given a speedy trial must "must file a petition for a writ of *habeas corpus*, not a lawsuit under § 983").

Because there are significant procedural differences between a civil rights claim under §1983 and a federal *habeas corpus* proceeding, the court will not recharacterize or convert the plaintiff's claims to allow him to proceed under §2254. The court must dismiss this claim without prejudice. See Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit

without prejudice."). If the plaintiff wants to pursue this claim, he may do so by filing a petition for a writ of *habeas corpus* under §2254.[3]

To the extent that the plaintiff alleges that institution staff violated Wis. Stat. §971.20(2) by failing to forward his request for a prompt disposition to the court or prosecutor, that is not a claim for which a federal court may grant relief under §1983. The violation of a state law alone does not infringe a constitutional right and cannot be the basis for a claim under §1983. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Tucker v. City of Chi., 907 F.3d 487, 494-95 (7th Cir. 2018).

At the end of the amended complaint, the plaintiff invited the court to add state-law claims of neglect and false imprisonment if it found good cause to do so. Dkt. No. 10-1 at 4. It is not the court's job to add causes of action to a plaintiff's lawsuit. If the plaintiff believed there is good cause to allege such state-court claims, he should have done so. Because the court is dismissing the plaintiff's federal claims, it would not have exercised supplemental jurisdiction over any claims arising under state law. To the extent that the plaintiff was trying to assert any state-law claims, the court will dismiss those claims without prejudice under 28 U.S.C. §1367(c)(3). If the plaintiff wants to

---

[3] The court notes that the plaintiff may have waived his claim that he was denied his right to a speedy trial by pleading guilty in his state criminal case. See United States v. Gaertner, 583 F.2d 308, 311 (7th Cir. 1978) ("We believe [appellant's] speedy trial claim, whether based upon the Sixth Amendment or the Due Process Clause of the Fifth Amendment, is not open for our review after pleas of guilty.").

9

pursue state-law claims for negligence or false imprisonment, he may bring them in state court.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to amend his complaint. Dkt. No. 10.

The court **DIRECTS** the Clerk of Court to docket the document at Dkt. No. 10-1 as the operative complaint.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the amended complaint should have been brought as a petition for a writ of *habeas corpus* under §2254. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$336.80** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**